### S. D. KILLOUGH v. C. H. LEE.

#### No. 86.

1. **Option to Purchase Land.** — The appellant paid $50 for an option to buy within six days thereafter a lot in Galveston for $12,000 cash, upon payment of which appellee was to make deed. Within the six days he notified the agent of appellee that he would take it, and offered to deposit such amount as might be required of him to bind the purchase pending examination of title; which was declined, and payment of the whole $12,000 required. *Held*, the word "buy" in the writing means not simply an acceptance of the offer, but a purchase completed by payment.

2. **Construction of Contract.** — The contract required not simply that appellant should assent to the terms proposed within the six days, and pay the price at some subsequent time, but that he should buy within that time, paying the price in cash.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*George E. Mann*, for appellant.—The court erred in sustaining defendant's general demurrer to second amended original petition, in that the ruling necessarily construed the contract sued on to be that plaintiff had to pay the purchase money within the six days in which he had the option to buy. Water. on Spec. Perform., secs. 414, 446, 450, 442, 443, 466, 437; Pome. on Spec. Perform., secs. 317, 320, 362, 363, 374, 378, 380; Brown v. Slee, 103 U. S., 828; Scarborough v. Arrant, 25 Texas, 134.

*Gresham & Jones*, for appellee.—1. Time is of the essence of the contract sued on; and there is nothing in plaintiff's petition to show that he

had, within the time limited in the contract, done or was ready and had offered to do that which was required of him by the terms of that contract; that is to say, had not only elected to buy, but had actually bought the property by paying or tendering to the defendant or his agent the purchase money.    Edwards v. Atkinson, 14 Texas, 373; Mining Co. v. Bullis, 68 Texas, 590; Benedict v. Lynch, 1 Johns. Ch., 374; Pome. on Spec. Perform., secs. 384, 385, 387; 7 Paige, 22.

2.  There is a want of mutuality in the contract sued on, and the court therefore did not err in sustaining the demurrer to the petition.  Specific performance by Killough could not be decreed or enforced at the suit of Lee; for Killough, by the express stipulations of the contract, could buy or decline to buy the property described therein, as he might elect; and even if Lee were bound to sell at the election of Killough, Killough was not bound to elect to buy or to buy the property.  The only liability of Killough, on his refusal or failure to buy, was the forfeiture of the $50 paid by him for the exclusive right to purchase at the price agreed on within the time stipulated in the contract.  Marble Co. v. Ripley, 10 Wall., 359; Parkhurst v. Van Cortlandt, 1 Johns. Ch., 282; Benedict v. Lynch, 1 Johns. Ch., 373.

WILLIAMS, ASSOCIATE JUSTICE.—This was a suit for specific performance, brought by appellant upon the following instrument:

" GALVESTON, February 24, 1890.

" Received from Dr. D. S. Killough $50 for an option to buy within six days from 12 o'clock Monday, February 25, A. D. 1890, the northeast and southeast blocks of outlot number 85, city of Galveston, Texas, and improvements thereon, except lot number 85; and it is further agreed and understood, that a one-sixth interest in the within named property is owned by a minor son of C. H. Lee, and the sale of his interest is contingent upon authority from the court.  The price agreed upon is $12,000 cash, upon payment of which the said Charles H. Lee will make deed for his five-sixths interest, and make application to court for the sale of interest of his minor son.  This option closes and expires by limitation at 12 o'clock, March 2, A. D. 1890, being six days from this date.

[Signed]                                    " C. H. LEE,
                                            " By J. W. RIDDELL, Agent.
"Accepted.
[Signed]                                    " D. S. KILLOUGH."

The petition alleged, that within the six days allowed in which appellant could buy the property, he notified the agent of appellee that he would take it, and offered to deposit with the agent such an amount as might be required of him to bind the purchase; that the agent declined to accept any less sum than $12,000, stipulated in the agreement as the price

of the land; that it was the custom of Galveston, on purchase of real estate, for the purchaser to deposit a reasonable amount of money with the seller as earnest of his good faith and intention to carry out the contract of purchase, to be held by the seller pending the examination of the title. It appeared from the petition that the purchase money of the land was neither paid nor tendered within the six days. Exceptions to the petition were sustained and the cause was dismissed by the court below.

The only question which is presented for our determination is whether or not the failure of appellant to pay the price stipulated for the land before the time fixed when the option should expire put an end to his rights under the agreement.

Appellant contends that his notice to appellee's agent that he would take the land upon the terms proposed was an exercise of his option, and that he thereby acquired the right to pay for and acquire the land within such reasonable time thereafter as was necessary to enable him to satisfy himself as to the title, and that the payment of the price within the six days was not by the contract made essential.

We can not assent to this view of the transaction. The option which appellant had was to buy within six days. Therefore whatever was requisite in order to buy, was by the express terms of the writing required to be done within that time, and was therefore essential to invest appellant with the right to a conveyance of the land. Consequently, unless it can be said that notice to the agent of his acceptance of the proposed trade constituted a purchase of the property by appellant, he must fail. In our opinion this conclusion is forbidden by the terms of the contract, which prescribes in what manner appellant may buy the land, viz., by the payment of $12,000 cash. The word "buy" in the writing means not simply an acceptance of the offer, but a purchase, completed by payment.

It is true that in ordinary contracts for the sale of lands on a credit the time fixed for payment is not ordinarily deemed by courts of equity to be of the essence of the contract, so as to defeat specific performance after the expiration thereof; and there is always a strong inclination to relieve defaulting vendees from forfeiture of their right to have their purchase enforced, especially where interest may be considered adequate satisfaction to the vendor for the delay. The reasons by which courts are guided in their decisions upon questions of that character have very little, if any, force in the determination of cases like this. Even in them, payment at the time stipulated may be made essential by the contract of the parties or the circumstances of the case. Edwards v. Atkinson, 14 Texas, 373.

In cases of options, there is some conflict of authority as to the essentiality of the time of payment. The principles applicable are thus stated: "Where the contract is really an offer on one side, with a proviso that this offer must be assented to and accepted when a mere acceptance is con-

templated, or payment must be made when payment was the act of ac- ceptance contemplated, at or before a specified date, then of course the act of assent or of payment must be done within the prescribed time; and time is from the very form of the contract essential. If, therefore, a vendor agrees to convey if payment be made at or before a given date, or if an option is given which is to be accepted by payment within a given time, then the time of payment is certainly essential; in fact, payment is a condition precedent to the vesting of any right in the vendee. If, however, the offer or option given requires assent and acceptance within a given time, such assent must be made within the time prescribed, and the contract thereby becomes concluded and mutual; but whether time is essential with respect to subsequent performance must depend upon its object or the nature of its subject matter." Pome. on Con., sec. 387.

The contract under consideration required not simply that appellant should assent to the terms proposed within the six days, and pay the price at some subsequent time, but that he should buy within that time, paying the price in cash. Thus payment was made essential by the agree- ment of the parties, which the court can not disregard without infringing upon their right to shape their own contracts as they deem best.

The judgment is therefore affirmed.

*Affirmed.*

Delivered February 2, 1893.