PETTY v. WILKINS. (No. 1579.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 1, 1916. On Motion of Appellee for a Rehearing, Nov. 23, 1916. Dissenting Opinion, Nov. 25, 1916.)

1. BOUNDARIES ⊘⇒36(5) — EVIDENCE — SURVEYS—REPORT TO COMMISSIONERS' COURT.

It was error to admit against plaintiff's objection as evidence of a boundary line a report to the commissioners' court of a survey, where neither plaintiff nor any one under whom he claimed had anything whatever to do with the report, since his rights could not be affected thereby.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 171–176; Dec. Dig. ⊘⇒36(5).]

2. BOUNDARIES ⊘⇒40(1)—EVIDENCE—QUESTION FOR JURY.

Evidence held to make location of boundary line a question for the jury.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 196–203; Dec. Dig. ⊘⇒40(1).]

3. FRAUDS, STATUTE OF ⊘⇒103(2)—CONTRACTS FOR SALE OF LAND—OPTION—"ACCEPTED IN WRITING."

An instrument, leasing land for one year and also giving exclusive option to lessee during the year, although signed by both parties, was not an option accepted in writing, and hence was not enforceable in equity, although within the year the lessee undertook to act on the option, since what the lessee accepted by signing the instrument was not lessor's offer to sell him the land, but lessor's agreement that he should have the exclusive privilege during the year to purchase it if he should so desire.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 195; Dec. Dig. ⊘⇒103(2).]

On Motion of Appellee for Rehearing.

4. SPECIFIC PERFORMANCE ⊘⇒97(1)—PERFORMANCE BY PLAINTIFF—OPTION—TENDER OF PAYMENT.

Where the title of the giver of an option on land was defective as to part, the option holder was not entitled to specific performance of the option as to the part to which title was good, where he merely expressed a willingness to buy that part and pay therefor a sum estimated to be its pro rata value, and did not either pay or tender its proportionate value, at the price of the entire tract.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 286–290, 294, 295; Dec. Dig. ⊘⇒97(1).]

5. DEEDS ⊘⇒38(1) — DESCRIPTION — UNCERTAINTY.

A deed, although describing land uncertainly, was not void for uncertainty, where it also recited that the place was "known as the place built on by Thos. Davis and lastly occupied by G. N. Breckenridge," since from such description the land might be identified by extrinsic evidence.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 65; Dec. Dig. ⊘⇒38(1).]

Hodges, J., dissenting in part.

Appeal from District Court, Franklin County; H. F. O'Neal, Special Judge.

Action by S. A. Petty against J. M. Wilkins, in which defendant brought cross-action. From judgment for defendant, plaintiff appeals. Reversed and remanded for new trial.

For a valuable consideration to be paid to him, appellant, by an instrument dated January 3, 1911, leased certain land situated in the town of Mt. Vernon to appellee for a period of one year from that date, for use by appellee as a site for an electric light plant, and by the same instrument agreed to sell the land to appellee for $400 if the latter should desire to purchase it during the term of the lease. Before the expiration of the lease appellee, having satisfied himself that other parties than appellant owned part of the land, purchased such part of them,

and then demanded of appellant a conveyance of the part he owned, offering to pay him' therefor a sum representing its ' value at the rate of $400 for the entire tract. Instead of complying with this demand, appellant commenced and prosecuted this suit against appellee to try the title to the tract he had leased to appellee. Appellee by a cross-action sought, as to the part of the tract owned by appellant, to enforce a specific performance of his contract to convey. The trial resulted in a judgment, in conformity to the verdict of a jury, in appellee's favor on the issue of title as to part of the tract, and in his favor for a specific performance by appellant as to parts thereof found to belong to appellant. Much of the testimony of witnesses offered for the purpose of identifying the land in controversy was with reference to maps and plats admitted as evidence, but omitted from the record sent to this court. As a consequence of this omission this court has been subjected to much greater labor than it otherwise would have been in the effort to understand the testimony referred to, and besides, and what is more serious, feel that they have not understood all of it and may have misunderstood part of it. Where, as is the case here, the rights of' parties to an appeal depend upon the location on the ground of corners and lines of surveys relied upon to identify tracts and parts of tracts of land they respectively claim, it is of the utmost importance to an understanding by an appellate court of the testimony of witnesses offered to prove the location of such corners and lines on the ground that maps and plats referred to by them and admitted as evidence should be included in the record on appeal, and the parties to the appeal should see to it that they are included.

R. T. Wilkinson and H. L. Wilkinson, both of Mt. Vernon, for appellant. S. D. Goswick, of Mineral Wells, L. E. Keeney, of Texarkana, and R. E. Davenport, of Chickasha, Okl., for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] It appears from a deed in the record that L. Collins conveyed to W. H. C. Davenport blocks 10 and 11, in the S.E. corner of the Mt. Vernon :town tract, and a strip of land 20 yards wide south of and adjoining said block 10 and extending east and west the length of its south boundary line. The rights of the parties, it seems, depended upon the location on the ground of the south boundary line of the strip of land referred to, and the location of its said boundary line depended upon the location on the ground of the south boundary line of said block 10, which was also the south boundary line of the town tract. Over appellant's objection the court permitted appellee to introduce as evidence a report made by Cowan and King to the commissioners' court of a survey of the town tract and of lots and blocks into which it had been subdivided, made by them at the instance of said court. This report and a plat which was attached to and formed a part of it, but which is not in the record, it seems showed the south boundary line of block 10 and the town tract to be 74 feet farther south than the distance called for in the field notes of the town tract, if respected by the surveyors, would have placed same. Appellant insists it was error to admit the report to the commissioners' court as evidence, and further insists that it was error for the trial court to instruct the jury, as he did, that the south boundary line of the Davenport land was located 20 yards south of said block 10, "as shown by the map or plat of said town by the survey made by Cowan and King." We think both contentions should be sustained. Neither appellant nor any one under whom he claimed had anything whatever to do with the survey and report thereof made at the instance of the commissioners' court, and his rights could not be affected by it. Therefore the report was inadmissible as evidence against him. It appeared from testimony that, in the survey made at the instance of the commissioners' court, Cowan and King located the south boundary line of the town tract and block 10 74 feet farther south than the ·distance called for in the field notes of the town tract, in order to give lots and blocks shown by an old plat they used in making the survey to be subdivisions of the town tract the dimensions north and south given them on the plat. When and whose instance the old plat was made was not shown. In this condition of the testimony the trial court should have submitted to the jury for determination a question as to the location of the south boundary line of the Davenport land, instead of instructing them as a matter of law that it was 20 yards south of block 10 as located by the Cowan and King survey.

[3] The court instructed the jury to find in appellee's favor as to a part of the land on his cross-action for a specific performance of appellant's contract to convey same. The objection urged to the instruction is that it was unauthorized by the testimony because it did not appear that appellee had in writing accepted the option given him in the contract. Under the holding in Patton v. Rucker, 29 Tex. 408, which, though ignored by the Court of Civil Appeals in Anderson v. Tinsley, 28 S. W. 121, it seems has never been overruled, the objection is believed to be a meritorious one. In the Rucker Case, followed by the Court of Civil Appeals in Foster v. Land Co., 2 Tex. Civ. App. 505, 22 S. W. 260, Daugherty v. Leewright, 174 S. W. 841, and other cases, the Supreme Court said:

"In order to their enforcement by the courts, * * * the sale of land must be evidenced by writing. When the writing relied on contains within itself all the particulars of a concluded

contract, it is sufficient if it be signed by the party against whom it is sought to be enforced; but if, instead of being evidence of a concluded agreement, whatever may be its form, it is really a mere proposal, such a writing is turned into an agreement, and can be enforced in equity by the other party only by his acceptance of it in writing."

And see Ansley Realty Co. v. Pope, 105 Tex. 440, 151 S. W. 525; 1 Warvelle on Vendors, § 125 et seq.

Other assignments, not in effect disposed of by what has been said, and also appellee's cross-assignments, are overruled.

The judgment is reversed, and the cause is remanded for a new trial.

### On Motion of Appellee for a Rehearing.

It is insisted we were wrong in holding the instruction to find in appellee's favor as to part of the land, on his cross-action for a specific performance, was unauthorized because "it did not appear that he had in writing accepted the option given him in the contract." In support of his contention appellee asserts that:

"The testimony is undisputed that there was a written contract for the sale of this land, signed by both parties, and within the time fixed by the contract the appellee accepted the option in the contract and offered to perform."

The facts as shown by the record are: That appellee signed the instrument, evidencing the lease of the land to him by appellant for a term of one year; that by this instrument appellant agreed that appellee might—

"have an option on said lot for one year, and agrees that the party of the second part [appellee] may have the exclusive privilege of buying said lot at any time within one year from this date [January 3, 1911] by paying him [appellant] the sum of $400; and should the said party of the second part pay or tender him the said sum of $400 within said one year, he [appellant] hereby agrees to make said party a warranty deed conveying to him said lot by a good and perfect title."

That by said instrument appellee on his part agreed:

"That he will accept the terms of this contract and will furnish the party of the first part [appellant] electric lights in his residence for the term of said lease and accept the use of the lot as before mentioned as payment in full for said lights."

That appellee afterwards ascertained that appellant owned only a part of the land covered by the lease; and within one year from its date he advised appellant he was willing to buy that part and pay him for same the sum of $90, which he (appellee) estimated was its value on the basis of the entire tract being worth $400.

We were, and are, of opinion the instrument did not show a concluded contract between the parties, because it did not appear therefrom that appellee had accepted appellant's offer to sell him the land, but was left free during the time specified to accept it or not as he might choose. As it was not pretended that appellee ever afterwards within that time in writing accepted appellant's offer, we thought, and think, the rule announced in Patton v. Rucker, 29 Tex. 408, applied to the case. The writing evidenced no more than a "mere proposal" on the part of appellant to sell the land to appellee, and it was not, as the rule required it must have been, to entitle appellee to the relief he sought, "turned into an agreement by his (appellee's) acceptance of it in writing." What appellee "accepted" by signing the instrument was not appellant's offer to sell him the land, but appellant's agreement that he should have "the exclusive privilege" during the life of the lease to purchase it if he should wish to do so.

As supporting his contention appellee cites Morris v. Gaines, 82 Tex. 257, 17 S. W. 538, Dyer v. Winston, 33 Tex. Civ. App. 412, 77 S. W. 227, Hazzard v. Morrison, 130 S. W. 244, Black v. Hanz, 146 S. W. 309, and cases decided in other jurisdictions. It is not doubted that the weight of authority outside this state supports the proposition that, appellant's offer being in writing, appellee could maintain a suit for a specific performance, notwithstanding his acceptance thereof was oral. But, as we understand it, such is not the rule in this state, and the Texas cases cited do not hold it is. All of them on their facts are plainly distinguishable from this case, on grounds indicated in Foster v. New York & Texas Land Co., 2 Tex. Civ. App. 505, 22 S. W. 262, cited in the opinion on this appeal.

[4] But if the rule in this state were otherwise, and as appellee contends it is, the instruction of the trial court to find in appellee's favor on his cross-action for a specific performance would have been unauthorized, because it did not appear that appellee, within the time specified, either paid or tendered to appellant the proportionate value, at the price of the entire tract, of the part thereof owned by appellant. As stated above, all appellee did was to express to appellant a willingness to buy that part and pay him therefor a sum he estimated to be its pro rata value.

[5] It is also insisted that we erred when we overruled appellant's cross-assignment, in which he complained of the action of the trial court in admitting as evidence, over his objection thereto that it was void for lack of a sufficient description of the land it purported to convey, the deed from L. Collins to R. J. Stephenson, dated March 24, 1869. The deed was not copied into the record sent to this court, but is referred to therein as follows:

"Deed from L. Collins to R. J. Stephenson, dated March 24, 1869. Recorded in vol. 3, p. 390, Deed Records of Franklin County. Filed for record April 5, 1869. A certain tract or parcel of land better known and described as follows, to wit: Beginning on the east boundary line of a hundred and sixty acre survey made by virtue of the headright certificate of Joseph Stone a stake, thence west 168⅔ vrs. a stake, thence south 139$^{2}/_{11}$ varas a stake, thence east 168⅔ vrs. a stake, thence north

139²/₁₁ to the place of beginning. Also known as the place built on by Thos. Davis and lastly occupied by G. N. Breckenridge, containing four (4) acres being a part of said Stone survey. Together with all and singular the appurtenances thereto belonging."

The specific grounds upon which it is claimed the description was insufficient are that the land in controversy was a part of the Joseph *Sloan* survey, whereas it was described in the deed as a part of the Joseph *Stone* survey; that it did not appear from the deed in what county and state the land it purported to convey was situated; and that "the beginning in the description was not sufficiently located in order to describe any land." We were, and are, of opinion the deed was not on its face void for uncertainty in the description of the land it purported to convey, because it appeared therefrom that the land therein described might be identified as the land in controversy by proof showing that it was "known as the place built on by Thos. Davis and lastly occupied by G. N. Breckenridge." The rule is that a deed is not void for uncertainty unless on its face the description cannot by extrinsic evidence, be made to apply to any definite land. Waterhouse v. Gallup, 178 S. W. 773; Roberts v. Hart, 165 S. W. 473.

The motion is overruled.

HODGES, J. (dissenting in part). I concur in the disposition made of this case, but do not agree to all of the grounds upon which it is based. After quoting a portion of a written contract relied on by the appellee, the Chief Justice in his opinion on a motion for a rehearing uses this language:

"We are of the opinion that the instrument did not show a concluded contract between the parties, because it did not appear therefrom that the appellee had accepted appellant's offer to sell him the land, but was left free during the time specified to accept it or not as he might choose."

I am unable to agree to that construction of the contract referred to, or concur in the holding that the contract was not one which could not have been enforced because no written acceptance had been made during the period mentioned. Our statute, which prescribes the requirements of a valid contract for the sale of land, requires that such instruments be in writing, and be signed by the party to be bound. A contract by which an owner of land grants to another the option or privilege to purchase within a stated period, if supported by a consideration, is valid and enforceable, although the party to whom the option is given is not bound to purchase. National Oil & Pipe Line Co. v. Teel, 95 Tex. 586, 68 S. W. 979. There is no question of a want of consideration in this case. Appellant was the owner of the land and for a sufficient consideration bound himself to this effect:

"Should said party of the second part [appellee] pay or tender to him [appellant] the said sum of four hundred dollars within said one year, he [appellant] hereby agrees to make said party a warranty deed conveying to him said lot by a good and perfect title."

This agreement was signed by both parties. The portion of our statute of frauds which relates to contracts for the sale of land was enacted for the purpose of providing written evidence of the obligations which the parties assumed. The statute is complied with when in addition to a description of the subject-matter of the contract the writing contains the promises and agreements to be performed in the future. It is unnecessary to reduce to writing a stipulation which binds no one. In the contract before us the vendor for a presumed consideration which had already passed sold to the vendee an option or privilege of purchasing for cash the land described and at a specified price. The sale contemplated being for cash, and there being no agreement to purchase, the vendee promised nothing. Hence there was nothing to be reduced to writing.

I do not regard the cases referred to in the majority opinion as being in conflict with what I have said. The practical importance of this dissent is not such as to justify any extended discussion. I think the following cases are in harmony with what I have said: Killough v. Lee, 2 Tex. Civ. App. 260, 21 S. W. 970; Anderson v. Tinsley, 28 S. W. 121.