**GRANT et al. v. PENDLEY et al.**

No. 10122.

Court of Civil Appeals of Texas. Galveston.

Oct. 30, 1935.

Rehearing Denied Dec. 12, 1935.

B. H. Gardner, of Palestine, for plaintiffs in error.

Melton & Melton, of Chickasha, Okl., for defendants in error.

LANE, Justice.

At the time of the trial of this cause J. M. Pendley, H. M. Pendley, Florence Wright, joined pro forma by her husband, John F. Wright, Ellen Pendley, Albert Pendley, and Edgar Pendley were the plaintiffs and the defendants were Clara Grant, a feme sole, Florence Wall, a feme sole, Marvin Dodson and wife, Mamie Dodson, Newell Dodson, Harry Taylor, Stella Yerby, and her husband, William Yerby.

The plaintiffs' suit was one to recover the title and possession of 160 acres of land in Anderson county, Tex., which is fully described in the plaintiffs' petition.

Plaintiffs alleged that one Morris A. Pendley, deceased, is the common source of title; that Morris A. Pendley died in-

testate and left surviving him as his sole heir Martin Pendley, and that Martin Pendley died intestate and upon his death and upon the death of some other persons, who, under the provisions of the laws of descent and distribution, inherited from him, the said Martin Pendley, the plaintiffs and defendants inherited and became the owners of the land sued for, each owning an undivided part or interest therein.

That on or about the 29th day of January, 1917, the defendants, Clara Grant, joined by her husband, Morgan Grant, Stella Yerby, joined by her husband, William Yerby, Harry Taylor, Florence Wall, joined by her husband, J. J. Wall, Marvin Dodson, and wife, Mamie Dodson, for a valuable consideration to them paid by H. M. Pendley, J. M. Pendley, and W. F. Pendley, by a general warranty deed duly executed by them, and each of them, conveyed said lands, as well as all of their right, title, and interest therein, to W. F. Pendley, J. M. Pendley, and H. M. Pendley.

That after the execution and delivery of said deed, and in the month of July, 1926, W. F. Pendley died intestate and left surviving him as his sole and only heirs his children, the plaintiffs herein, Florence Wright, Ellen Pendley, Albert Pendley, and Edgar Pendley, and thereby said last-named plaintiffs inherited and became the owners in fee simple of all of the right, title and interest of the said W. F. Pendley in and to said lands.

And, plaintiffs aver that notwithstanding the execution and delivery by the defendants hereinabove named of said deed of conveyance, that they are now asserting and claiming some right, title, or interest in said lands, and which is wrongful and casts a cloud upon plaintiffs' title thereto.

Plaintiffs also pleaded title to the land under the three, five, and ten years' statutes of limitation.

Defendants Newell Dodson and his wife, Dora Dodson, Florence Wall and her husband, J. J. Wall, filed disclaimers to any right, title, or interest in the land sued for by the plaintiffs and pray that they go hence with their costs.

Defendants Clara Grant, Stella Yerby and husband, William Yerby, and Harry Taylor filed a disclaimer to the 160 acres of land sued for by the plaintiffs, save and except such interest therein as they inherited as alleged by the plaintiffs, and as to such interests they plead not guilty of the wrongs alleged by the plaintiffs.

Becoming cross-plaintiffs, said defendants admit that the common source of title to the land as alleged by the plaintiffs is correct, and that the parties plaintiffs and defendants each inherited undivided interests in said land as alleged by plaintiffs, and that the deed to their undivided interest in the 160 acres of land was executed as alleged by plaintiffs, and that the plaintiffs own all of said land and are entitled to the recovery of same as prayed for unless such ownership and right to the ownership by these defendants, held prior to the execution of said deed, is defeated by the following alleged facts:

That defendants were ignorant of the value of said land, and the kind, quality, and value of the timber thereon, and that they knew nothing of the fact that the land was in what was, on the 29th day of January, 1917, the date of the execution of the deed by them, known as oil territory; that they knew of no one from whom they could look to for such information at said time other than the Pendleys, the grantees in said deed; that prior to the execution of said deed by the defendants, the grantees, W. F. Pendley, J. M. Pendley, and H. M. Pendley, falsely represented to defendants that the land was poor sandy land of little value, and that it was covered by young or scrubby pine; that the old timber which was formerly thereon had been cut off, and that at such time, January 29, 1917, the land was worth only three or four dollars per acre; that such representations were false and known by the Pendleys to be false at the time they were made, but that defendants not knowing the same to be false, but believing them to be true, were thereby induced to execute said deed; that the grantees fraudulently withheld from defendants that oil prospects and indications for the land were considered good, which fact they knew; that said grantees at the time they were trying to buy said land from defendants knew that land in the vicinity of the land involved in this suit was being leased for the drilling of oil, but they withheld such information from defendants; that at the time of the execution of the deed some lands near the land involved in this suit were being sold for timber purposes for $40 per acre, which fact was known to the grantees, but which they withheld from defendants.

Defendants further alleged as follows: "That, relying solely upon the representation of said J. M. and H. M. Pendley and having no knowledge of the value of said land, except what said J. M. and H. M. Pendley had stated as aforesaid, and having full confidence in and trusting their said Uncles to tell them the truth, and not knowing of any oil prospects or leases in the vicinity of said land, and not knowing of the timber and sale of timber land, as before set out, these defendants agreed to join in said deed as aforesaid, and did so execute same."

They further alleged "that if the statements and representations made by the Pendleys to these plaintiffs were not known to said Pendleys to be false, or if they did not know the real condition as to the timber, value of same and of oil prospects, then the defendants allege that the sale of the land and execution of said deed was brought about by mutual mistake as to material existing facts."

Defendants further alleged as follows: "That about the time of filing this suit, the plaintiffs sold to W. L. Cook the timber on said land, of any kind, which measures or will measure, when cut by Cook, eight inches and more in diameter at the stump, for $4,000.00 cash paid to them, and all cf such timber at least from twelve inches up has been cut by the purchaser and disposed of and placed beyond the reach of these defendants. The timber so cut by said Cook and appropriated was of the value of at least $4,000.00."

Defendants' prayer is for the cancellation of the deed of date January 29, 1917, for judgment against plaintiffs for their pro rata part of $4,000 received by plaintiffs as bonus for oil leases executed by plaintiffs and for their pro rata of the rentals which have been paid to plaintiffs under said leases, which they alleged to be $1,500, and for judgment of partition of the land; for the appointment of commissioners of partition, and for possession of that part of the land that is partitioned to them respectively.

By supplemental petition plaintiffs deny generally the averments of defendants' cross-petition, and say that they are not guilty of any of the wrongs and trespasses alleged by defendants.

The cause was tried by the court without a jury, and upon the pleas of the parties and the evidence, judgment was rendered ordering and decreeing that the plaintiffs have and recover of and from the defendants Clara Grant, Stella Yerby and her husband, William Yerby, Florence Wall, Mamie Dodson and her husband, Marvin Dodson, and Harry Taylor the land and premises described in the plaintiffs' petition, and that plaintiffs be quieted in the title and possession thereof, and that said defendants recover nothing on their cross-action.

It further ordered and decreed that plaintiffs recover nothing from defendant Newell Dodson, and that the said Newell Dodson have judgment against plaintiffs for all cost by him incurred in this suit. All other costs were adjudged against defendants Stella Yerby and her husband, William Yerby, Clara Grant, and Harry Taylor.

From such judgment, defendants Clara Grant, Stella Yerby and her husband, William Yerby, and Harry Taylor have appealed.

Upon the request of attorneys for plaintiffs in error for findings of fact and conclusions of law, the trial judge filed the following:

### "Findings of Fact.

"1. It was admitted in open court by counsel for defendants that the plaintiffs have and hold a valid deed and title to the lands involved in this suit, save and except as the validity of that deed and title might be overcome by evidence introduced by defendants.

"2. I find from the evidence introduced that the plaintiffs, J. M. Pendley and H. M. Pendley, in securing the deed of conveyance to themselves and W. F. Pendley introduced in evidence herein, bearing date January 29, 1917, made no false or fraudulent representations or misstatements as to the value and condition of said lands or the value and condition of the timber thereon or as to the value of the land for oil and mineral purposes; that there was some evidence of wildcat prospecting for oil in the surrounding country but not close or contiguous to the lands involved in this suit but that fact was unknown to the plaintiffs and furthermore was not of such character as to make any material difference in the value of the lands involved.

"I further find that in securing the deed of conveyance aforesaid the plaintiffs, J. M. Pendley and H. M. Pendley, acted in good faith in making their statements and

representations concerning the said lands; that they withheld no facts within their knowledge from the defendants who executed said deed of conveyance and did not undertake to conceal any facts within their knowledge concerning said lands or the value thereof of the timber and oil prospects thereon.

"Conclusions of Law.

"I conclude from the evidence that plaintiffs own and hold a valid title to the lands involved in this suit and that they are entitled to recover the same from defendants and be quieted in their title and possession thereto."

It is first contended by appellants that as by their cross-action they sought to set aside the deed of January 29, 1917, under and through which certain of the plaintiffs are asserting title to the land here involved, the findings of the trial court are insufficient as finding that grantees, the Pendleys, made no false statements as to the value of the land, the timber thereon in January, 1917, or that said grantees in making their statements and representations concerning said land acted in good faith, or that they withheld no fact within their knowledge from those who executed the deed which appellants are seeking to have set aside. Wherefore, the court erred in holding that the findings made by the court are sufficient upon which to base a judgment for the plaintiffs.

We overrule such contention. The evidence supports and justifies each and all of the findings of the court. Such findings is a succinct and clear statement of what the judge trying the case thinks is the true result of the evidence, what it proves pertinent to the issues between the parties, and in our opinion demanded at the hands of the trial court the rendition of the judgment for the plaintiffs which was rendered. Galveston Ry. Co. v. Stewart & Threadgill (Tex.Com.App.) 257 S.W. 526, 529.

■ We think the question in every case, such as the present one, must be whether or not the material and controlling facts are shown by the findings of the trial court, supported by evidence or by the evidence shown by the statement of facts filed in the appellate court.

In Andrews v. Key, 77 Tex. 35, 3d par., page 39, 13 S.W. 640, 641, it is said: "The question in every such case must be wheth-er or not the material facts found by the court are sufficient to support the judgment."

■■ We think the findings of fact by the trial judge, above set out, were findings of all the material and controlling facts necessary to a decision of the issue or issues raised by the evidence and sufficient to sustain the judgment rendered in that court, especially so since there is on file in this court a statement of facts. The rule seems to be that where it may be ascertained from the statement of facts on file in the appellate court that the judgment rendered is the correct one, failure of the trial court to make and file requested findings of fact is immaterial and presents no cause for a reversal of the judgment rendered.

In Galveston Ry. Co. v. Stewart & Threadgill, supra, it was said by Judge Hamilton, speaking for the Commission of Appeals, that: "The holding that the failure of the judge to file findings of fact and conclusions of law, where no statement of facts has been filed in the Court of Civil Appeals is reversible error, has been qualified to the extent that, if it otherwise appears from the record that the appellant could have suffered no injury, such failure will not cause a reversal."

■ If it appears from the record and the statement of facts, where one is filed, that no harm resulted to appellant from the trial judge's failure to file his findings and conclusions, such failure will not be cause for reversal. In such instance to reverse the case would be to do a vain thing. This the courts will not do.

Appellants make further contention that the court erred in refusing to make additional findings of fact requested by them.

We overrule such contention, as we think the findings the court made fully cover all the facts pertinent to the issues involved and necessary upon which to base a correct judgment in the case.

■ It is not proper or necessary for the trial court to make specific findings on every controverted fact, unless the same goes to the controlling issues as raised, and unless the findings as made fail to include sufficient findings upon which to adjudicate the rights of the parties.

We think what we have said sufficiently disposes of all the complaints of the judg-

ment rendered. We shall therefore not go into a further detailed discussion of any of them.

Having reached the conclusions above expressed and intimated, it becomes our duty to affirm the judgment, and it is accordingly so ordered.

Affirmed.