**SAN ANTONIO JOINT STOCK LAND BANK v. MALCHER.**

No. 11180.

Court of Civil Appeals of Texas. San Antonio.

July 22, 1942.

Rehearing Denied Aug. 19, 1942.

Kelso, Locke & King and Wm. F. Koch, all of San Antonio, for appellant.

O. F. Burney, of Floresville, for appellee.

MURRAY, Justice.

This suit was instituted by August Malcher in the District Court of Atascosa County against San Antonio Joint Stock Land Bank of San Antonio, a corporation, and Edwin Seay seeking to set aside a certain trustee's deed conveying 221.4 acres of land out of the J. T. Eubanks Survey No. 506, in Atascosa County, Texas, to the above named Land Bank and, in the alternative for judgment decreeing specific performance of an alleged agreement on the part of the Land Bank to convey said 221.4 acres of land to Malcher, together with an injunction prohibiting the Land Bank from in any way interfering with Malcher's possession of said 221.4 acres of land, and, further, in the alternative, for a money judgment against the Land Bank in the sum of $1,863.94.

The trial was to the court without the intervention of a jury and resulted in judgment in Malcher's favor requiring the Land Bank to execute and deliver to the Clerk of the District Court, for August Malcher, a deed conveying to August Malcher all the right, title and interest to said 221.4 acres of land that the Land Bank has in said property, and also that Edwin Seay has in said land, upon the payment by Malcher to said District Clerk for the Land Bank of the sum of $3,262; and further enjoining the Land Bank from in any way interfering with Malcher's possession of the 221.4 acres of land. The trial judge made elaborate findings of fact resolving all fact issues against the Land Bank.

From this judgment the San Antonio Joint Stock Land Bank alone has prosecuted this appeal.

Appellant presents its first three points together, and they are as follows:

"First Point. The court erred in rendering judgment for Appellee, Malcher, herein, for the relief prayed for by him and in rendering judgment against Appellant upon its cross-action, because, under the undisputed evidence, Appellee, Malcher, was not entitled to recover herein and Appel-

lant was entitled to judgment on its cross-action.

"Second Point. The court erred in granting Appellee Malcher's prayer for specific performance of his alleged contract to repurchase the land in suit, because the undisputed evidence shows that appellee never offered to perform his alleged option contract, to repurchase said land until the time allowed him to exercise such option had expired.

"Third Point. The court erred in granting Appellee Malcher's prayer for specific performance of his alleged agreement to repurchase the land in controversy because the undisputed evidence shows that Appellee never at any time prior to the filing of this suit made a valid tender of performance of his option to purchase."

On August 19, 1929, August Malcher and wife executed a deed of trust to William B. Lupe, Trustee, upon the 221.4 acres of land involved herein, to secure the Land Bank in the payment of a deed of trust note in the sum of $4,500.

On June 4, 1940, a trustee's sale of the land was had and the Land Bank bid it in for the sum of $2,250, leaving a balance due on the note of $2,254.47.

On June 7, 1940, Malcher went to San Antonio and had a conversation with William B. Lupe, Jr., a vice-president of the Land Bank. Malcher paid Lupe the sum of $1,500 and understood that he would be permitted to redeem the land by paying in full the amount due on the note. The Land Bank, through its officers and attorney, wrote Malcher several letters thereafter urging him to come in and complete the deal, but Malcher neglected to answer these letters.

Malcher never went back to see Mr. Lupe until about October, 1940, at which time he agreed to pay the taxes upon the land. After the taxes were paid he received the following letter from Mr. Lupe, which is self-explanatory, to-wit:

"November 8th, 1940

"Mr. August Malcher

"Poth, Texas

"Dear Sir: In re: Loan 3008

"Confirming our conversation of October 10, 1940, in regard to re-purchasing your farm, the Bank agreed that if you would pay up all taxes by the 15th of October, that we would give you an option until December 1, 1940, to re-purchase the farm at the amount of investment the Bank has in the farm as of December 1, 1940.

"Since you have paid the taxes as per your agreement, this is to confirm our agreement that you have the option to re-purchase up to December 1, 1940, and the figure will be $4,639.30 less $1,500.00 or $3,139.30.

"Yours very truly,
"Wm. B. Lupe, Jr.
"Vice-President."

Malcher did not re-purchase the land under this option, but in June, 1941, he entered into a rental contract with the Bank, whereby he rented the land from the Bank for the year 1941. This rental contract was signed by both Malcher and the proper officer of the Bank and contained the following option:

"The Lessor hereby gives Lessee (August Malcher) the right to purchase the above described tract of land for a consideration of $3,009.70, plus 6% interest from June 7, 1940, to date of purchase. This option, if not exercised, expires September 30, 1941, is not transferrable, and is subject to right of sale by Lessor prior to September 30, 1941."

August Malcher testified to facts which support the trial court's finding to the effect that he notified the Land Bank, in August, 1941, that he was exercising his option to purchase, however, he did not tender the money or secure a deed to the property prior to September 30, 1941. He did tender the money to the Bank on October 18, 1941, which tender was not accepted by the Bank.

This brings us to a consideration of the all-important question in the case, which is, whether under the option Malcher was required to pay or tender the purchase money to the Bank on or before September 30, 1941, or whether, having notified the Bank of his intention to exercise the option, he would have a reasonable time after September 30th to pay the money and otherwise complete the deal. We conclude that he would have such reasonable time. It will be borne in mind that the contract does not require that the option be accepted in writing not later than September 30, 1941, neither does it require in express terms that the money be paid or tendered not later than that date; nor does it require that the money be tendered in cash. It simply provides that the "option, if not exercised, expires September 30, 1941."

■ Where an option to purchase real estate is in writing and signed by both parties it may be orally accepted. Haskell v. Merrill, Tex.Civ.App., 242 S.W. 331; 43 Tex.Jur. 100; 66 C.J. 499; Killough v. Lee, 2 Tex.Civ.App. 260, 21 S.W. 970.

In Anderson v. Tinsley, 28 S.W. 121, 122, Justice Fly, speaking for this court, said: "* * * The 10-days limit does not, and evidently was not intended to, apply to the passing of the deed. 'The offer to remain in force for ten days from this date,' upon a fair construction, means that the 10-days limit is given in which to accept the offer. It was accepted within the 10 days. The contract was then in a condition that it could be enforced by either party."

■ Where an option does not contain provisions to the contrary all that is required by the optionee is that he notify the optionor, prior to the date of expiration, of his decision to exercise the option and he thereafter has a reasonable time within which to complete the deal. 66 C.J. 500; Horgan v. Russell, 24 N.D. 490, 140 N.W. 99, 43 L.R.A.,N.S., 1150; Killough v. Lee, supra.

■ The trial court held upon sufficient evidence that Malcher tendered the money to the Land Bank within a reasonable time after September 30th, and such tender was not accepted by the Bank. This being true Malcher is entitled to specific performance of his option contract.

■ As we have previously stated, the trial court filed elaborate findings of fact sufficient to support the judgment rendered. Appellant contends we should not consider these findings, but should reverse the judgment because such findings were not filed within the time required by Rule No. 297, Rules of Civil Procedure. The findings of fact should have been filed not later than January 18, 1942, but were not filed until January 23, 1942. The trial judge, in explaining the delay in filing his findings, shows that he did not have actual knowledge of the written request of appellant for such findings. When he was notified of his failure to file such findings he at once began such preparation, but due to the fact that attorneys for appellant had some of the exhibits in their possession he was delayed in such preparation. There is a complete statement of facts in the case, filed by appellant after it knew of the delay in filing the findings of fact. Appellant secured an extension of time so that it might be enabled to file such statement of facts. Appellant has not shown that it was in any way prejudiced by the delay in filing the findings. Under such circumstances such delay on the part of the trial judge in filing his findings of fact does not constitute reversible error. Barry v. Barry, Tex.Civ.App., 162 S.W.2d 440; Grant v. Pendley, Tex.Civ.App., 88 S.W.2d 132; McNabb v. Cruze, Tex.Civ.App., 101 S.W.2d 902.

■ Appellant has made several points challenging certain findings of fact made by the trial court as not being supported by the evidence, but these points have not been briefed and are therefore waived. Rule No. 418, Rules of Civil Procedure; 3 Tex.Jur. 901; Lov Vorn v. Wilkinson, Tex.Civ.App., 112 S.W.2d 749; Alamo Downs, Inc., v. Briggs, Tex.Civ.App., 106 S.W.2d 733.

The judgment will be amended so as to provide that if Malcher should fail to pay to the Clerk of the District Court of Atascosa County the sums of money provided for in the judgment, within the time provided therein, then and in that event he should lose all rights under his option contract and under the judgment, and, further, in such event the injunction will be dissolved.

Amended and affirmed.