KALMANS v. BAUMBUSH et al.   (No. 598.)

(Court of Civil Appeals of Texas.   El Paso.
June 29, 1916.)

1. JUDGMENT ⊜⟶423—CONCLUSIVENESS—ERRONEOUS JUDGMENT—CHARACTER OF RELIEF.

Although judgment under Rev. St. § 1999, in suit to recover a cow, erroneously required delivery of the cow, instead of payment of her value, which was under $50, so that the case was not appealable from the county court, it was not void and subject to direct attack in a proceeding to enjoin its enforcement.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 797–801; Dec. Dig. ⊜⟶423.]

2. JUDGMENT ⊜⟶423—CONCLUSIVENESS—ERRONEOUS JUDGMENT—CHARACTER OF RELIEF.

If judgment is rendered by a court of competent jurisdiction, error therein does not render it void, or subject to be set aside, except for fraud, accident, or mistake, though the amount in controversy is so small as to prevent appeal.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 797–801; Dec. Dig. ⊜⟶423.]

Appeal from Harris County Court; Clark C. Wren, Judge.

Suit for injunction by L. Kalmans against Gus Baumbush and another. From an order refusing temporary injunction, plaintiff appeals. Affirmed.

Sam, Bradley & Fogle, of Houston, for appellant. Atkinson, Graham & Atkinson and J. E. Garrett, all of Houston, for appellees.

HIGGINS, J.   Baumbush filed suit in a justice court of Harris county against Kalmans to recover a cow, of the alleged value of $50. Judgment was there rendered in favor of Baumbush, and Kalmans appealed to the county court. Upon trial in the latter court a verdict was returned in favor of Baumbush, and judgment rendered in his favor for the cow and costs of suit. The judgment directed that a writ of possession for the cow be issued. Motion for new trial was filed by Kalmans, which was overruled by the court, and the judgment became final. A writ of sequestration was issued in the cause at its commencement, and the cow was taken into the possession of the sheriff thereunder. Kalmans replevied the same.

The present suit was filed by Kalmans against Baumbush and M. F. Hammond, sheriff of Harris county, alleging that a writ of possession for the cow and execution for costs had been issued in the cause and placed in the hands of Hammond, who was about to execute the same, and a temporary injunction was asked, restraining the enforcement of such writs, and that upon final hearing the injunction be made final. This appeal is prosecuted from an order refusing the temporary injunction.

It is contended that the judgment entered in the original suit was unauthorized and improper for various reasons, which may be briefly summarized as follows: (1) Because it was a suit for personal property, and in such case under article 1999, Revised Statutes, a judgment for restitution of the specific property was improper and unauthorized, because the pleadings, evidence, and verdict did not show that the cow had an especial value to plaintiff. (2) That the judgment should have been for the value of the cow under the provisions of article 7106, Revised Statutes.

[1] From the statement made, it is manifest that in effect this is a proceeding to set aside the judgment entered in the original suit and to stay the process which was therein ordered issued. It may be conceded that the judgment which was entered in the cause was erroneous, in view of the provisions of the statutes quoted. But such error could be reviewed and corrected upon appeal or writ of error only. The failure to observe such provisions did not render the judgment void, nor was it sufficient ground to set the same aside in a direct proceeding such as this. Its status in this respect is not altered by the fact that the amount in controversy was so small that an appeal did not lie from the judgment of the county court. Railway Co. v. Flow, 149 S. W. 1081.

[2] It frequently happens that erroneous judgments are rendered, from which an appeal will not lie; but if they are rendered by courts of competent jurisdiction, such error does not render the same void, nor can they be set aside in a direct proceeding, except for fraud, accident, or mistake. In the instant case, the court had jurisdiction, and there is no allegation that the judgment was founded upon fraud, accident, or mistake. The injunction, therefore, was properly refused.

Affirmed.