## DIXON v. McNABB.
### No. 13416.

Court of Civil Appeals of Texas. Dallas.
May 21, 1943.

Rehearing Denied June 18, 1943.

Dick Holt and Thos. B. Ridgell, both of Dallas, for appellant.

Alexander D. McNabb, of Dallas, pro se.

BOND, Chief Justice.

Appellant instituted this suit in a district court of Dallas County, Texas, in the nature of a bill of review seeking equitable relief from a judgment rendered against him and in favor of appellee in a partition suit involving an estate owned by appellant and several of his immediate relatives. Appellee intervened in the partition suit, claiming an undivided interest in whatever share or interest in the estate

that may be set aside to appellant, and asking that such interest be set aside to him. Appellee's intervention was based upon written contract or assignment for legal services rendered and to be rendered appellant in all matters involving the estate and particularly such interest therein as appellant owned. Appellant, as defendant in that suit, challenged appellee's claim on the grounds (1) that the land in suit was the homestead of himself and wife, hence the contract or assignment of interest, being executory, was void and of no force and effect; and (2) that there was a total failure of consideration, in that the intervener (appellee) had failed to render the services for which the assignment was given, and voluntarily withdrew from his employment, which necessitated appellant's employment of other counsel. On trial before the court, judgment was entered in the usual form of partition suits; the court found the extent of interest or share of each of the respective owners in the estate, including intervener's share, decreed the title to each, found the land was not susceptible of partition in kind, and appointed a receiver to sell the land and apportion the proceeds in accordance with the interests of the respective parties. In due time the defendant (appellant here) filed and presented motion for new trial, which was overruled; no appeal taken, hence the judgment became final, unless set aside in equity as here presented.

The petition for review under consideration was filed April 11, 1942, at a subsequent term of the court, and was directed to set aside judgment only as same decreed title and interest in and to the estate to Alexander D. McNabb. The petition sets up no new ground for relief which was not fully covered in his answer to the original suit. It merely elucidates facts of fraud incident to the execution of the contract or assignment and failure of consideration to avoid its effectiveness and to challenge its validity. These matters were involved in the suit on which the judgment was rendered. Hence, by the judgment, it must be presumed that the court heard and determined the issues; at least there is no complaint that the trial court did not give such defense full credit and render judgment in accordance with the consideration of the evidence offered on trial of the cause; nor is there any reason shown in appellant's petition for review why he did not plead the details of the fraud in the first instance, or

allege some excuse for failure to do so in motion for new trial.

In order for a petition to be good as a bill of review, it must show some diligence on the part of petitioner, or offer some explanation or excuse as to why the facts alleged were not presented to the court at time of trial of the cause; or some explanation as to why the matters urged as grounds therefor were not presented in motion for new trial. Appellant's petition shows no excuse for not having presented the facts alleged in his bill in the trial of the cause and on motion for new trial. The trial judge was cognizant of the issues involved in the suit on which she entered judgment; it was tried by her, thus it was within her power to employ such knowledge in passing upon the demurrers leveled at appellant's petition for review. Allegations in bill of review, inconsistent with or contradictory to record in original suit, or where the record in the original cause shows that the issues raised in the bill were pleaded in the original cause, such allegations are not admitted by demurrer. Griffith v. Tipps, Tex.Civ.App., 69 S.W.2d 846, 847.

The authorities are numerous to the effect that the petitioner for review should allege facts showing that the rendition of the judgment, against which the party seeks relief, was not due to any negligence on his part, that due diligence was used to prevent it, and that, after rendition, appropriate steps—such as moving for new trial and appealing from the judgment—were taken to obtain relief; or that there existed a sufficient excuse for failure to pursue his legal remedies. When the petition for review, as here, contains no allegation to relieve the petitioner of the imputation of negligence, the equities of the bill are insufficient to set aside the judgment, irrespective of the existence of a meritorious defense. Gehret v. Hetkes, Tex.Com.App., 36 S.W.2d 700; Lamb v. Isley, Tex.Civ.App., 114 S.W.2d 673, and authorities cited. A bill of review may not take the place of a motion for new trial where the matters complained of were before the court in the original suit, and the party complaining suffered the judgment to become final. The judgment foreclosed the equities of appellant's bill, hence the trial court did not err in sustaining appellee's demurrer and dismissing the suit. Judgment of the lower court affirmed.

Affirmed.