## PIEDMONT FIRE INS. CO. v. LADIN.
### No. 11531.

Court of Civil Appeals of Texas. Galveston.

Oct. 14, 1943.

Rehearing Denied Nov. 4, 1943.

Austin Y. Bryan, Jr., of Houston (Bryan & Bryan, of Houston, of counsel), for appellant.

O. Strother Simpson and Frank Dyer, both of Houston (Vinson, Elkins, Weems & Francis, of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal is from an $1,125.75 judgment in favor of the appellee against appellant, entered upon a jury's verdict in response to special issues submitted, as for the sum found to be due appellee as the legal representative of the bankrupt, George Russell, upon a Texas standard fire insurance policy of an authorized coverage not in excess of $10,000, which appellant and other companies had issued on Russell's store at Groveton, Texas, on June 12, 1941; the jury finding that the premises had been damaged, both upon the stock of goods and upon the furniture and fixtures therein, by fire occurring on the 9th day of November of 1941, in an aggregate sum of not less than the stated amount of the judgment.

Appellant attacks the recovery so allowed upon a number of counts, which may be reduced to these controlling ones, as thus summarized in its brief, to-wit:

"(1) That predecessor of appellee, Ladin, George Russell, the named assured in the policy, breached and violated the record warranty clause of the policy in question, and by virtue thereof, no liability ensued.

"(2) The judgment of the trial court is not only erroneous in law, but if legally correct, is excessive, and the distribution of insurance at risk, $15,000, to loss determined, is mathematically and prejudicially incorrect.

"(3) The jury, without any proper support, made an erroneous finding of $5,000 loss and damage to items of property covered by this policy."

After careful consideration of the extended record, inclusive of the statement of facts and the original exhibits accompanying it, it is determined that none of these presentments should be sustained. That conclusion is impelled by these among other considerations:

The appellee freely conceded that the claimed breach of the record-warranty clause of the policy had occurred substantially as declared upon by the appellant, in that his predecessor, George Russell, had neither kept the records nor the books showing the progressive condition of his

business from time to time, nor preserved such books and records in an iron safe, as that clause of the insurance contract bound him to do; but, instead, the appellee fully pled waivers of these requirements—as between the appellant and the bankrupt, George Russell—and those respective pleadings upon both sides were supported by much evidence introduced by each; resulting issues-of-fact in many special inquiries and much detail were submitted by the court to the jury in its designated numbers 1 to 15, inclusive, each and all of which were answered by the jury in the appellee's favor.

There has been presented here no proper showing that any of the jury's findings in response to that extended group of inquiries, comprehending that phase of the controversy, lacked any support in the evidence. They must, therefore, on appeal be taken as the established facts in that regard.

◼ Indeed, the policy showed on its face that this record-warranty clause requiring the keeping of such complete set of books and records in an iron safe applied to the stock of goods in the building only, and not to the furniture and fixtures in the building, which were separate. Furthermore, in this connection—there appearing to be amply sufficient evidence to support all the jury's findings in appellee's favor on both its claimed grounds of a waiver of the record-warranty clause—although appellant, in its points 11 and 12, challenges these answers of the jury, not only as being wholly without support in the evidence, but also as being so against its overwhelming weight as to require disregard of such findings, there appears to be a total failure upon its part to brief those points in this court, as required by Rule 418 of Texas Rules of Civil Procedure. That omission would seem to have constituted a waiver of the points. San Antonio Joint Stock Land Bank v. Malcher, Tex.Civ. App., 164 S.W.2d 197–200, error refused.

◼ In any event, however, as already indicated, this court finds neither lack of support in the testimony for the jury's findings that appellant did in fact waive Russell's stated failure to keep the books in an iron safe—accordingly estopping itself to contend otherwise herein—nor legal sufficiency of the facts so found under those fifteen issues to constitute a legal waiver against the appellant, under well-settled principles of law; these authorities so

hold: Detroit Fire & Marine Ins. Co. v. Wright, 273 S.W. 628, writ refused; St. Paul Fire & Marine Ins. Co. v. Stell, Tex. Civ.App., 20 S.W.2d 399; Central States Fire Ins. Co. v. Wright, Tex.Civ.App., 273 S.W. 629, writ of error refused; 24 Tex. Jur. 1008 et seq.; 32 Corpus Juris, page 1343, par. 618.

Clearly, in lieu of any properly directed attack against those findings, it would not be permissible to here question the veracity or credibility of the many witnesses the jury heard before making them.

The detailed issues so submitted on this question of waiver and estoppel against appellant to complain because of the admitted failure of Russell to keep the records in an iron safe, as required, appear at length in the record, but it is deemed not essential that they be here reiterated; suffice it to say that the controlling findings were in substance that on the date of the policy appellant's agent, who solicited, wrote, and collected the premiums thereon, inspected Russell's store to determine whether it should be issued, that he then and there learned that Russell did not have an iron safe but operated his business without maintaining the required inventory records; that after the fire of November 5 of 1941, Russell informed appellant's adjuster, Mr. Pate, that such books and inventories as he had so had not been kept in an iron safe, and that they had been destroyed by that fire; that, following such occurrence, the adjuster assured Russell he would be paid according to the amount of loss he had sustained in the fire; that Russell not only relied upon such promise, but thereafter expended time, labor, and money in furnishing the appellant with information concerning the loss he had so sustained.

That still later, in December, 1941, and in February, 1942, appellant's adjuster again told the assured that the policy would be paid according to the amount of loss he had actually sustained; that Russell relied on those promises also, and further expended time, money, and labor in furnishing appellant additional information concerning his loss.

On these findings that the Insurance Company had waived and was estopped to assert noncompliance with the record-warranty clause on two independent and distinct grounds, the trial court entered judgment for recovery on the policy in the total sum of $1,128.75. Since the total amount

of the verdict was $6,200 ($1,200 damage to stock and $5,000 to furniture) and the $2,500 policy sued on one-fourth of the aggregate amount of insurance, the recovery was figured on the basis of one-fourth the loss established by the verdict, with one-fourth off under the three-fourths value clause.

Under the facts that must be so accepted, the authorities last cited determine that the pleaded waiver and estoppel against appellant's claim for nonliability was established.

Not only so, but under the facts upon that feature above recited, it also clearly follows that, in no event, was the $1,128.75 recovery against appellant excessive. The jury's finding of $5,000 loss on the furniture and fixtures being under rather than over the estimates of competent witnesses, while that of $1,200 on the stock of goods was equally well supported.

 Appellant still insists, however, in its detailed points 5 to 8, inclusive, that no estoppel or waiver was operative against it, because of the fact that, after the fire and its consequent damage to both the stock and fixtures, its agent, Mr. Pate, and the insured, George Russell, entered into a nonwaiver agreement before Pate began his investigation of the loss; that it relieved appellant of any of the adverse consequences of the waiver the jury had otherwise found against appellant; that the jury's having found such nonwaiver agreement to have been so made, rendered the trial court's action in having so submitted issues 1 to 15, inclusive, prejudicial and reversible error.

This court does not consider appellant's position upon the legal effect of this nonwaiver agreement, as so belatedly made after the loss had been entailed upon the appellee's predecessor by the prior occurrence of the fire, to be sound. Indeed, in Phœnix Assur. Co. v. Bulloch, Tex.Civ. App., 27 S.W.2d 571, writ of error refused, it is squarely held that promise of payment of the loss by an adjuster after knowledge of a breach of the record-warranty clause constitutes a waiver of the right to compel a forfeiture, which holding apparently rested upon facts not in effect dissimilar to those the jury so found existed in this case. Other holdings on this subject are reflected in these cases: Home Ins. Co. v. Fort Worth Grain & Elevator Co., Tex.Civ.App., 262 S.W. 870, modified in Tex.Com.App., 269 S.W. 432;

Occidental Fire Ins. Co. v. Fort Worth Grain & Elevator Co., Tex.Civ.App., 294 S.W. 953, writ of error refused; National Standard Fire Ins. Co. v. Hubbard, Tex. Civ.App., 31 S.W.2d 859.

From these decisions the rule seems to be that such nonwaiver agreement did not preclude a subsequent agreement by the adjuster to pay the fire loss, where the insured so furnished additional proof thereof at the expenditure of time, money, and trouble on his own part.

The nonwaiver agreement appellant here so relies upon occurred not before but long after this fire on November 5, of 1941, which visited its consequences upon the owner of the store as of that date, and the agreement itself does not purport to in any way affect the rights of either party with respect to acts and conduct and results occurring before the fire. It would therefore seem to this court to be a sort of ex post facto effort—as against a waiver already fully established against appellant—to still escape a liability it had already fastened upon itself.

 If however, that agreement—which bears no date on its face, but does expressly describe the loss involved as that to both the "Stock & Furniture & Fixtures"— should be given effect, despite these distinctive facts, under such of appellant's cited authorities as Provident, etc., v. Ashy, 139 Tex. 334, 162 S.W.2d 684; City of Wichita Falls v. Travelers, etc., Tex.Civ. App., 137 S.W.2d 170; Utilities, etc., v. Montgomery, 134 Tex. 640, 138 S.W.2d 1062, 130 A.L.R. 178; and Home, etc., v. Lake Dallas, etc., 127 Tex. 479, 93 S.W. 2d 388, then since by the express terms of the Piedmont policy sued upon, the record-warranty clause "applies to stock only", a noncompliance therewith could in no event bring about a forfeiture of the insurance on the "Furniture & Fixtures", but only on the stock of merchandise. Sun Mut. Ins. Co. v. Tufts, 20 Tex.Civ.App. 147, 50 S.W. 180, writ of error denied; State Mut. Fire Ins. Co. v. Kellner, Tex.Civ. App., 169 S.W. 636, writ of error refused; Merchants & Mfrs' Lloyd's Ins. Exch. v. Southern Trading Co., Tex.Com.App., 229 S.W. 312; Roberts, Willis & Taylor Co. v. Sun Mut. Ins. Co., 13 Tex.Civ.App. 64, 35 S.W. 955, writ of error dismissed, 90 Tex. 78, 37 S.W. 311; 24 Tex.Jur., 700, 702, 705.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.