## LITTERST v. EDMONDS.

### No. 11581.

Court of Civil Appeals of Texas. Galveston.
Nov. 23, 1943.

Rehearing Denied Dec. 9, 1943.

Sam G. Croom, of Houston, for appellant.

J. S. Bracewell, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought in County Court at Law No. 2 of Harris County by appellee, J..H. Edmonds, for the recovery from appellant, F. C. Litterst, of $400, the amount' alleged to be due on a promissory note, and for a foreclosure of a chattel mortgage lien on a Hudson automobile. Plaintiff's petition contained no allegation of the value of the automobile. However, plaintiff filed an affidavit to procure a writ of sequestration in which the value of said automobile was placed at $400.

Appellant answered by general denial and by cross-action in which he sought recovery of salary alleged to be due him by appellee. No exception was taken by appellant in the trial court to appellee's failure to allege the value of the automobile on which foreclosure was sought.

In a trial before the court without a jury judgment was rendered in favor of appellee for the amount due on the note, less the sum claimed by appellant to be due him as salary, and for foreclosure of the chattel mortgage lien on said automobile.

Appellant complains for the first time on this appeal of the failure of appellee to allege in his petition the value of the automobile upon which foreclosure was sought. He contends that the failure of appellee to allege this fact in his petition is fundamental error, in that it goes to the jurisdiction of the court in which the suit was brought, and that it requires a reversal and remanding of the case.

It is the settled law of this State that "jurisdiction", in so far as the amount in value in controversy is concerned, is determined by the averments in the petition itself and that a statement of the value of the property in an affidavit for sequestration is neither in fact nor affect a part of the plaintiff's petition, and that this statement of value can not be considered as equivalent to an allegation in the petition. Brown et al. v. Peters, 127 Tex. 300, 94 S.W.2d 129.

Appellee contends, however, that, under Rule 90, Texas Rules of Civil Procedure, appellant has waived his right to now seek a reversal of this case on the ground that appellee failed to allege the value of the property on which he sought to foreclose his lien in his petition in the trial court by his failure to bring such fact to the attention of the trial court by motion or by exception in writing before the rendition of judgment.

The Texas Rules of Civil Procedure became effective on the first day of September, 1941. This case originated and was tried subsequent to that date.

While the courts of this State have not, so far as we are advised, passed on the exact question presented in this appeal, said Rule 90 of the Texas Rules of Civil Procedure, relied upon by appellee, indicates an intent on the part of the rule makers and the State Legislature to simplify our trial procedure by providing that defects of form or substance in a pleading will be deemed to have been waived where they have not been raised by objection or exception in the trial court. Rule 90 reads: "General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered."

It is undisputed that appellant did not, prior to the rendition of judgment complained of, by motion, exception or otherwise attempt to secure the action of the trial court upon the alleged defect in the plaintiff's petition either as to form or sub-

stance. By its failure to do so, we think that under said Rule 90 he clearly waived his right to now, on appeal, question the sufficiency of such pleading to confer jurisdiction upon the trial court. Texas Osage Co-operative Royalty Pool et al. v. T. J. Kemper et ux., Tex.Civ.App., 170 S.W.2d 849, writ of error refused by Supreme Court.

The judgment of the trial court must be in all things affirmed.

Affirmed.