751

Hill & Adkins, of Shamrock, and Simon & Zimmerman, of Fort Worth, for appellants.

Wm. Jarrel Smith and Walter E. Rogers, both of Pampa, for appellee.

STOKES, Justice.

This case is before us upon a motion of the appellee to dismiss the appeal on the ground that the transcript and statement of facts were not filed in this Court within the time prescribed by law. By Act of the Forty-Eighth Legislature in 1943, Page 23, Chapter 20, Section 1, Article 199, Sec. 31, Vernon's Annot.Civ.St., the 31st Judicial District, embracing Wheeler County, where the case was tried, was placed in the category of judicial districts in which the terms of the court were made continuous. The terms of court for Wheeler County were set for the fourteenth Monday after the first Monday in January, and the eleventh Monday after the fourth Monday in August, of each year, and the Act provides that each term may remain in session until and including the Saturday immediately preceding the Monday for the convening of the next regular term. Rule No. 330, Texas Rules of Civil Procedure, applies in all courts having civil jurisdiction and successive terms without more than two days intervening between such terms and, since each term of the District Court in Wheeler County adjourns on Saturday and the next term convenes the following Monday, it will be seen that not more than two days intervene between

HORWITZ et al. v. FINKELSTEIN.

No. 5651.

Court of Civil Appeals of Texas. Amarillo.

Sept. 11, 1944.

Rehearing Denied Oct. 17, 1944.

the terms. Subdivision (j) of Rule 330 provides that all motions and amended motions for new trials must be presented within thirty days after the original or amended motion is filed and must be determined within not exceeding forty-five days after the original or amended motion is filed, unless by written agreement of the parties in the case the decision of the motion is postponed to a later date.

■ The final judgment in the instant case was rendered by the court on April 3, 1944, and the motion for a new trial was filed the next day, April 4, 1944. It was not presented to the court until May 10, 1944, which was more than the thirty days provided by the rule, nor determined until June 15, 1944, which was more than forty-five days after it was filed. No written agreement of the parties was executed or filed under which the determination of the motion could be postponed to a later date. The motion not having been presented to the court, it was overruled by operation of law at the expiration of thirty days after it was filed, or on May 4, 1944. Even if it had been presented within the thirty days it would have been overruled by operation of law on May 19, 1944. Dallas Storage & Warehouse Co. v. Taylor, District Judge, 124 Tex. 315, 77 S.W.2d 1031; Millers Mut. Fire Ins. Co. of Texas v. Wilkirson, 124 Tex. 312, 77 S.W.2d 1035; Independent Life Ins. Co. of America v. Work, District Judge, 124 Tex. 281, 77 S.W.2d 1036.

It is true the cited cases interpret the legislative rule approved March 26, 1930, Acts Fifth Called Session 41st Legislature, Page 227 (Article 2092, R.C.S., Vernon's Ann.Civ.St.), but Section (j) of Rule 330, Texas Rules of Civil Procedure, promulgated by the Supreme Court, is identical in language and must be interpreted to mean the same as the legislative rule.

The record shows that the motion for a new trial was presented to the court on May 10, 1944, which was thirty-six days after it was filed. Under the provisions of the court rule, and the authorities above cited, it is clear that the motion for new trial was overruled by operation of law and the judgment became final long before the motion was determined by the court. Since Rule 386 requires that the transcript and statement of facts be filed in this Court within sixty days after the motion for a new trial is overruled, and they were not filed here until August 4, 1944, more than ninety days after the motion for new trial was overruled by operation of law, the motion of the appellee to dismiss the appeal is well taken and must be sustained. Boren v. Cerf's Trust Estate, Tex.Civ.App., 145 S.W.2d 627.

■ Appellants contend that the appellee is in no position to urge the dismissal of their appeal and his motion ought not to be sustained, because neither the appellee nor the trial judge raised any objection to the motion for new trial being presented and argued more than thirty days after it was filed and because of certain parol agreements entered into between counsel for the respective parties concerning postponement of the motion. As authority for the contention, they cite us to the case of Croom v. Little, Tex.Civ. App., 42 S.W.2d 490, wherein the court interpreted Section 28 of Article 2092, R. C.S., and held that the statute was not absolute that motions for new trials should be considered within forty-five days. Many other cases could be cited to the same effect, but they all refer to the rule as it existed prior to the amendment of 1930, above referred to. In that amendment and in Rule 330, Texas Rules of Civil Procedure, the word "must" was employed instead of the word "shall" as it appeared in the rule prior to the amendment, which had the effect of making the rule mandatory instead of discretionary and, therefore, the case cited by appellants, and others of like import, do not apply to the present rule. The Supreme Court in the cases we have cited discussed the change made by the Legislature and specifically held that it had the effect of making the rule mandatory instead of directory. In the Dallas Storage & Warehouse case, supra, the Supreme Court said that at the expiration of thirty days from the date on which the motion was overruled, the judgment was final and the term of court was, as to the case, at an end. It follows, therefore, that, in so far as the instant case was concerned, all proceedings in the court below after June 3, 1944, were unauthorized and without force or effect under Subdivision (l) of Rule 330.

In view of what we have said, it is obvious that the parol agreements entered into between counsel for the respective parties were without effect. The transcript and statement of facts not having been filed in this Court within the time provided by the rules of practice, the motion of appellee to dismiss the appeal will be sustained.