## HORWITZ et al. v. FINKELSTEIN.
### No. 5688.

Court of Civil Appeals of Texas. Amarillo.
Sept. 24, 1945.

Rehearing Denied Oct. 29, 1945.

Simon & Simon, of Fort Worth, and Thurman Adkins, of Shamrock, for appellants.

Walter E. Rogers, of Pampa, for appellee.

PITTS, Chief Justice.

This appeal is from an interlocutory order dissolving a temporary restraining order and refusing to grant appellants a temporary injunction. Appellants filed the suit in the nature of a bill of review in the District Court of Wheeler County, attempting to set aside a judgment previously rendered by the same trial judge, from which latter judgment an appeal was dismissed by this court because the record was filed in this court too late to be considered, as is shown in an opinion reported in the case of Horwitz et al. v. Finkelstein, 182 S.W.2d. 751. Appellants sought in the instant case to restrain appellees, D. A. Finkelstein and Dusty Rhodes, the Sheriff of Tarrant County, from executing a writ of execution issued as a result of the former judgment pending a final determination of the issues in the bill of review filed in this case. Upon appellants' sworn petition a temporary restraining order was issued with a day certain set for a hearing on the question of a temporary injunction.

Appellee, Finkelstein, filed a verified answer denying all the material allegations alleged by appellants and, at the hearing for the relief sought, the trial court rendered judgment dissolving the temporary restraining order and refusing a temporary injunction, from which judgment appellants perfected an appeal to this court.

We have before us the verified pleadings of both parties joining issues on the material allegations and the judgment of the trial court dissolving the temporary restraining order and refusing the temporary injunction. The record does not contain a statement of facts in any form. The trial court did not file any findings and none was requested so far as the record shows but the judgment of the trial court recites that it heard and considered

evidence and this court must, therefore, indulge all reasonable presumptions that there was sufficient evidence to sustain the trial court's judgment. Union Transfer & Storage Co. v. Greve, Tex.Civ.App., 131 S. W.2d 796; Becker v. Porth, Tex.Civ.App., 64 S.W.2d 1036; and Meyer v. Cockcroft, Tex.Civ.App., 273 S.W. 665.

■ The rule is well settled that a temporary injunction should not issue unless complainant makes out a prima facie case. Sanitary Appliance Co., Inc., v. French, Tex.Civ.App., 34 S.W.2d 673; Turner v. Parker, Tex.Civ.App., 14 S.W.2d 931; 32 C.J. 38, § 17, and page 351, § 582; 43 C.J.S., Injunctions, § 19 and § 192; 24 Tex.Jur. 183, Sec. 136. We must presume from the record that if appellants made out a prima facie case, the trial court found it was refuted by appellee.

■ The rule is likewise well settled that the granting, refusing or dissolving of a temporary injunction is largely within the sound discretion of the trial court and will not be revised upon appeal unless an abuse of discretion is shown. Repka v. American Nat. Ins. Co., Tex.Sup., 186 S. W.2d 977, and authorities there cited; Iden v. Lippard, Tex.Civ.App., 153 S.W.2d 642, and authorities there cited; and Herman v. Forrest, Tex.Civ.App., 294 S.W. 624, and authorities there cited.

■ When a verified answer denies the material allegations of a petition praying for an injunction and the record does not disclose the evidence heard by the trial court, the appellate court will not disturb the trial court's exercise of discretion in dissolving a temporary restraining order and refusing a temporary injunction. Branch v. Stephens County, Tex.Civ.App., 258 S.W. 834, and authorities there cited.

■ From a careful analysis of the pleadings, the trial court's judgment, and the rules of law above cited, we conclude that the trial court did not abuse its discretion in dissolving the temporary restraining order and in refusing the temporary injunction. The judgment of the trial court is therefore affirmed.