## CURRIE et al. v. SMITH.

No. 11537.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 10, 1945.

Rehearing Denied Nov. 14, 1945.

Henri L. Warren and Hood Boone, both of Corpus Christi, for appellants.

Pittman & Pope, of Corpus Christi, for appellee.

MURRAY, Justice.

This suit was instituted by J. T. Smith against R. M. Currie, d/b/a Currie Seed

Company, seeking to recover the sum of $1,135.35, being the alleged purchase price of 841 bags of onions, at $1.35 per bag. Afterwards, by amended pleadings, George Arts was made a defendant as the principal of R. M. Currie.

The trial was before the court without the intervention of a jury and resulted in judgment in favor of J. T. Smith against the defendants, jointly and severally, for the full amount sued for. From this judgment R. M. Currie, d/b/a Currie Seed Company, and George Arts have prosecuted this appeal.

Appellants' first contention is that the evidence is insufficient to show a contract of purchase. The evidence shows that appellee had two plantings of onions, the first of white onions and the second of whites and greens. The first planting matured first and was sold to R. M. Currie, d/b/a Currie Seed Company. They were harvested and paid for, and there is no trouble as to this planting. The second planting matured later and appellee undertook to sell them to Currie. Currie came and looked at the onions, and Smith told him that he wanted $1.25 per bushel for the greens and $1.35 for the whites. Smith testified that Currie said, "I will take them." There was some delay in harvesting the onions, but ultimately the green onions were harvested and paid for, but the whites were left in the field.

Smith employed a lawyer who wrote Currie the following letter:

"Corpus Christi, Texas
"May 15, 1944
"Curry Seed Company
"909 South Staples St.
"Corpus Christi, Texas
        "Attention: Mr. Curry
"Dear Sir:

"On or about the 1st day of May, 1944, you made a contract, by the terms of which you agreed to buy Mr. J. T. Smith's onions at a rate of $1.35 per bag, and he has in excess of 1000 bags in his field. This contract was later confirmed on several occasions. Today you advised Mr. Smith that you would not fulfill this contract. In an effort to mitigate his damages, he has talked with several buyers, but has not been able to sell his onions.

"This will constitute a demand upon you to pay Mr. Smith the $1.35 per bag for all of his onions. In the event you still wish to comply with your contract, we should be happy for you to take immediate steps to do so.
        "Yours very truly
"JP:sb                    Jack Pope"

After this letter was received by Currie he proceeded to the farm of appellee with two written contracts, and attempted to have Smith sign either one or the other of them. The effect of these contracts was that Currie would gather the onions, sell them and give appellee whatever they might bring. Appellee refused to sign either contract and demanded that Currie take the onions under the original contract. Currie then had appellee plow up the onions, and he harvested them but did not pay for them. Eight hundred and forty-one bags of onions were taken.

After this appellee's lawyer wrote Currie the following letter:

"Corpus Christi, Texas
"May 20, 1944
"Currie Seed Company
"909 South Staples St.
"Corpus Christi, Texas
        "Attention: Mr. Currie
"Dear Sir:

"Mr. J. T. Smith was again in to see me today and tells me that 841 bags of onions were taken from his property and that in conformity with the agreement and upon Mr. Currie's request, Mr. Smith plowed these onions. There is a sum of $1,135.35 due for these onions. It is due now. I shall thank you to mail your check to cover this sum of money.
        "Yours very truly
"JP:sb                    Jack Pope"

Appellee's demand was not met by Currie and this suit followed.

█ The evidence is sufficient to support the finding of the trial judge that Currie did make a contract to take the onions at $1.35 per bag. We overrule appellants' first proposition.

█ Appellants' second point is, "The judgment does not conform to the pleading." Under this point, appellants make the contention that the judgment should not have been jointly and severally against both defendants, but at most could properly have been rendered against only one defendant. Appellee did not plead a joint cause of action against both defendants. He first plead a cause of action against Currie, d/b/a Currie Seed Company, and then, in the alternative, plead a cause of action against George

**706**

Arts as the principal of Currie. The testimony developed that Arts and Currie were joint adventurers in the onion business. Arts furnished the money and attended to the shipping of the onions, and Currie did the buying and harvesting. We are of the opinion that under our liberalized practice, as provided for by Rules 67 and 90, T.R.C.P., there was no error in the court's action in rendering a joint and several judgment against both defendants.

The judgment is affirmed.