### BLAIR v. ARCHER COUNTY.

No. 14745.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 25, 1946.

Rehearing Denied Feb. 22, 1946.

Leslie Humphrey, of Wichita Falls, for appellant.

O. M. Wylie, of Archer City, for appellee.

BROWN, Justice.

The town of Dundee is unincorporated and lies within Archer County, Texas.

The County Attorney, of and for said county, brought the instant suit against appellant, Louis Blair, and alleged that on May 21, 1890, certain named persons, being then the owners of a certain described tract of land, for the purpose of putting said land in shape for urban purposes, did subdivide and plat the same in accordance with the plat of record on page 642 in Book N of the Deed Records of Archer County, Texas, to which reference was specifically made, and that such persons did then and there designate the property described, "the City of Dundee," and did then and there dedicate and grant to the use of the public the right of way to and upon all streets and avenues marked and shown on said plat as such.

It is next alleged that the public and the residents of Dundee, and residents of Archer County and the State of Texas have continuously used such streets and alleys since such dedication.

It is next alleged that the defendant Blair is threatening to place fences on, over and about the said dedicated land and to thereby obstruct the use of said streets, avenues, roads and other thoroughfares to the public, and next particular allegations are made naming the streets affected.

The petition alleges: "That if not restrained such acts on behalf of the defendant would result in irreparable damage to the public and also such damage to plaintiff in the sum of at least One Thousand and 00/100 Dollars, for which the plaintiff has no adequate remedy at law."

The prayer is for the immediate issuance of a temporary restraining order, for notice to defendant to appear at a time fixed by the court, and to show cause, if any, why a temporary injunction should not issue against defendant, pending a hearing on the merits.

The temporary restraining order was granted, a hearing set as to the granting of

a temporary injunction, a trial had, and a temporary injunction ordered.

The case was filed in the County Court of Archer County.

The defendant filed no pleadings and, therefore, made no attack of any kind upon plaintiff's petition. He has appealed from the order granting the temporary injunction, and brings no statement of facts to the appellate court.

This is not a suit in which the plaintiff, Archer County, is attempting to recover any amount of damages as against the defendant.

■ This suit is one brought solely for the purpose of preventing the defendant from obstructing the dedicated streets involved and from interfering with the use thereof by the public.

It was the duty of the plaintiff, acting through its County Attorney, to bring such a suit.

See Vol. 14, Tex. Juri., para. 31, pp. 726, 727, and cases cited in notes 17, 18 and 19.

If the town of Dundee were incorporated, it would have been its duty, through its proper officers, to bring suit to prevent the obstruction of its streets and alleys, by a suit for injunction.

See Vol. 39, Tex. Juri., para. 100, pp. 651, 652, and cases cited in notes 4, 5, 6 and 7.

The text lays down the rule that the municipality has no adequate remedy at law in such a case, and no right to maintain an action for damages and is not obliged to resort to any other slower and less effective remedies at law that it may have.

Since the town is not incorporated, it seems to us that the next municipal corporation, having an interest in keeping open these streets and alleys within its borders —namely, the County of Archer—was the proper party to bring the injunction suit.

It appears to us that the only question raised by appellant that needs discussion is whether or not the County Court had jurisdiction to try the case.

■ We observe first that appellant, the defendant below, filed no pleading and made no attack upon the sufficiency of plaintiff's pleading.

Under the rules as discussed in Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (by the Supreme Court of Texas), Texas Osage Co-op Royalty Pool et al. v. Kemper et ux.,

Tex.Civ.App., 170 S.W.2d 849 (writ refused) ; Litterst v. Edmonds, Tex.Civ.App., 176 S.W.2d 342 (writ ref. Want of Merit), the defendant waived all objections to the sufficiency of the petition.

It appears to us that the petition states a cause of action that was within the jurisdiction of the County Court.

■ In Vol. 11, Tex.Juri., para. 141, p. 923, it is said: "The two expressions, 'title to land,' and 'recovery of land' used in the constitution [Vernon's Ann.St.Const. art. 5, §§ 8, 16] in defining the jurisdiction of the district and county courts are evidently intended to convey the same meaning and have reference to cases where the title to land is to be determined or its recovery had by the judgment sought."

■ We cannot see wherein the plaintiff's petition in the case at bar raises any such issue, and the defendant not having pleaded, he has not raised the issue.

As we view the case before us, what is said by the Supreme Court in Coughran v. Nunez, 133 Tex. 303, 127 S.W.2d 885, 887, is not applicable to the facts in the case at bar, because the title to the streets and alleys in the town of Dundee "is only incidentally involved" in the suit to enjoin their obstruction by the defendant.

Appellant's first point, urging that the County Court was without jurisdiction to hear the cause, is overruled.

■ The second point, urging that the County Court was without jurisdiction because of the failure of the plaintiff's petition to show the amount in controversy or the value of the right violated, as within the jurisdiction of such court, is likewise overruled.

■■ The third point, contending that unless a street is open to the public for travel, no rights of the public are violated by its obstruction. That equity will not entertain an action for an injunction to restrain the fencing up of an abandoned part of a platted village, where the streets as platted have never been opened up for use to the public and are not used by the public.

The weakness of the "point" lies in the fact that there is no statement of facts in the record, and we have no way of knowing what evidence was heard by the trial court.

The judgment declares that all parties appeared in person and through their respective attorneys and that the cause pro-

ceeded to trial, and after the evidence was submitted to the court, that the court finds as follows: There is a finding of the platting, the subdividing of the described land and the dedication of the streets; that such dedication has never been lawfully revoked; that the dedication thereof was accepted by Archer County and the public; and the court finds and enumerates the several streets which the court further finds that the defendant is threatening to place fences on, over and about, and to thereby obstruct the use of such said streets, avenues, roads and other thoroughfares, to the public; and the court ordered the temporary injunction to issue against the defendant pending the final disposition of the cause.

In the absence of a statement of facts we must indulge the presumption that there was evidence of probative force to support both the findings of the court and the judgment.

There is no evidence before us on which the third point may be tested except the findings of the trial court embodied in the judgment.

The third point is overruled, and, in the light of the suit as presented, we feel it is our duty to sustain the judgment, and it is affirmed.