## HORWITZ et al. v. FINKELSTEIN.

### No. 5719.

Court of Civil Appeals of Texas. Amarillo.
Sept. 16, 1946.

Rehearing Denied Oct. 21, 1946.

Simon & Simon, of Fort Worth, for appellants.

Walter E. Rogers, of Pampa, for appellee.

BOYCE, Justice.

This suit is another chapter in the litigation reported under the same style in 182 S.W.2d 751 and 189 S.W.2d 895. Appellants, I. E. Horwitz and Keystone Pipe & Supply Company, filed their petition in the nature of a bill of review to set aside a judgment for $1,687.66, which the appellee, D. A. Finkelstein, had obtained against them in Cause Number 3303 in the District Court of Wheeler County. The court sustained Finkelstein's exceptions to the petition of Horwitz and Keystone and dismissed the present suit.

A summary of the allegations of the petition of Horwitz and Keystone in this case follows:

Finkelstein, in Cause Number 3303, sought recovery of the possession of cer-

tain oil well casing of the cash market value of $1,687.66, located on a described tract of land in Wheeler County. Horwitz and Keystone filed a plea of privilege, which was overruled. They then answered, denying Finkelstein's ownership of the casing and the allegations as to its location, pleading in the alternative that if it was at the place alleged by Finkelstein, then it was in a producing gas well and could not be removed without destroying the well. Other defenses were the two and four year statutes of limitation and a plea that Horwitz and Keystone were innocent purchasers of the casing. The case was tried on its merits before the court without a jury on November 29, 1943, and judgment was entered in favor of Finkelstein for $1,687.66, on April 3, 1944. Horwitz and Keystone filed a motion for new trial the next day; the motion was heard by the court on May 10, 1944, and was overruled by the court on June 15, 1944. Horwitz and Keystone appealed, their appeal was dismissed, their application for writ of error to the Supreme Court was refused and their motion for rehearing was denied. They assert that their diligence in prosecuting the appeal to the Supreme Court constitutes the diligence required to make their petition in this case sufficient in law.

The petition proceeds with allegations that the judgment in Cause Number 3303 is void because the pleadings of Finkelstein in that case sought recovery of personal property and did not authorize the recovery of a money judgment, because there was no pleading by Finkelstein that he could not recover possession of the personal property and because, in his petition and his affidavit controverting the plea of privilege, he made an unequivocal election to try to recover possession of the casing.

Horwitz and Keystone also pleaded that they had meritorious defenses to the cause of action exhibited in Finkelstein's petition in Cause Number 3303, in that (1) the title to the casing was in the Cub Oil Company and not in Finkelstein, (2) the cause of action in 3303 was barred by the two and four year statutes of limitation, (3) Horwitz and Keystone were innocent purchasers of the casing and (4) they had not done any

act which would constitute a conversion of the casing.

Their petition closes with allegations that following the hearing on the motion for new trial in Cause Number 3303 the testimony was to be "written up by agreement of the parties" for the trial judge to read. The motion for new trial was overruled by operation of law before the testimony was written up. They aver that misunderstanding, accident and mistake arose in this connection and prevented them from having their day in court in the presentation of their motion for new trial in 3303 and in the presentation of full evidence in defense of that action.

We shall consider together the first and third points of error presented by appellants. Their first point of error is that their petition in this cause states a good cause of action because the petition's averments must be admitted to be true as against exceptions. The third point is that their allegations of diligence, meritorious defenses to Finkelstein's suit and of mistake in Cause Number 3303 are legally sufficient as against appellee's exceptions.

Allegations in a petition for a bill of review inconsistent with or contradictory to the record in the original suit are not admitted by demurrers nor are issues which were pleaded in the original suit. In order for a petition to be good as a bill of review, it must show some diligence on the part of the petitioner or some explanation as to why the matters urged as grounds for the petition were not presented in a motion for new trial. Dixon v. McNabb, Tex.Civ.App., 173 S.W.2d 228, 229, writ of error refused.

The appellants' petition, to which a copy of the answer in the original suit is attached as an exhibit, shows that the issues of title, limitation and innocent purchaser were all raised in the original suit. The motion for new trial in that case shows that the appellants there contended they had done no act with respect to the casing which would constitute a conversion. All of the defenses now urged were before the court in the original suit and averments to the contrary cannot be considered

as true as against exceptions leveled thereat.

 Appellants in the original suit did not present their motion for new trial until after it had been overruled by operation of law (Horwitz v. Finkelstein, Tex. Civ.App., 182 S.W.2d 751, writ of error refused) and they thereby lost the right of review of the rulings previously made. They offer no explanation for their failure to present the motion for new trial within the time prescribed by law. The misunderstanding, accident and mistake alleged by them as grounds for obtaining the bill of review occurred after the hearing on the motion for new trial and after the motion had been overruled by operation of law. The claimed mistake is insufficient as an explanation for their failure to present the motion for new trial.' Nor will their diligence in attempting to perfect their appeal after the right of appeal had been lost afford them any relief.

For the reasons stated, the first and third assignments of error are overruled.

Appellants' second point of error presents the contention that the judgment in Cause Number 3303 is void, because Finkelstein's petition in that case does not warrant a money judgment and because the rendition of a money judgment was contrary to Finkelstein's action in electing to sue for the recovery of the possession of the casing.

In the last paragraph of his petition in Cause Number 3303, Finkelstein alleged:

"And the plaintiff, praying strictly in the alternative, and without waiving his foregoing prayer, prays unto this Court, in the event the said property cannot be delivered in kind to this plaintiff, that he recover judgment over and against the said defendants, jointly and severally, in the sum of SIXTEEN HUNDRED AND EIGHTY SEVEN AND 66/100THS ($1687.66) DOLLARS as the actual cash market value of the said personal property, as damages suffered by this Plaintiff; * * * that he have all costs of suit in this behalf expended, and any and all other and further relief, in law or in equity, to which he may show himself entitled."

In their answer in Number 3303, appellants alleged:

"* * *, said casing was used by the said Cub Oil Company in drilling the Lee Major #1 well, which well was completed as a commercially producing gas well and is still producing, and said casing if in fact used in the drilling of said well, which is not admitted, in as much as defendants have no knowledge that said casing was so used in said well, nevertheless, if so used, the same is now located in a producing gas well, cemented at the bottom and threaded to the top of the well, and said casing could not be removed without destroying said well."

 The pleadings quoted raise an issue as to what disposition should be made of Finkelstein's claim in the event it developed that the casing belonged to him, but could not be removed from a producing well without destroying the well. The trial court found, in Cause Number 3303, that Finkelstein did own the casing and was entitled to possession but that it could not be removed from the well. If his determination of the relief to be granted Finkelstein under these conditions was erroneous —giving Finkelstein judgment for the value of the casing when he had asked for possession of it—is the judgment void? The District Court of Wheeler County is a court of general jurisdiction and there is no contention that it here lacked jurisdiction of the parties and the subject matter of the suit. Assuming, without deciding, that the record shows the judgment in Cause Number 3303 to be erroneous, the judgment is not void. Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66, 68; Clark v. Puls, Tex.Civ.App., 192 S.W.2d 905, 908, writ of error dismissed for want of merit. An erroneous judgment by a court of competent jurisdiction will not be set aside in an equitable proceeding except for fraud, accident or mistake. Kalmans v. Baumbush, Tex.Civ.App., 187 S.W. 697; Bearden v. Texas Co., Tex.Civ.App., 41 S.W.2d 447, 449, 462, affirmed Tex.Com.App., 60 S.W.2d 1031, 1037.

The second point is, therefore, overruled.

 The fourth point of error is not briefed by appellants and is therefore

waived. San Antonio Joint Stock Land Bank v. Malcher, Tex.Civ.App., 164 S.W. 2d 197, 200, writ of error refused for want of merit; Piedmont Fire Insurance Company v. Ladin, Tex.Civ.App., 174 S.W.2d 991, 992, writ of error refused for want of merit.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

Appellants insist that the quoted excerpts from the pleadings in Cause Number 3303 are not sufficient to sustain a money judgment against them. Conceding for the sake of argument the correctness of their position, the judgment is still not void. Under Rules 67 and 90, Texas Rules of Civil Procedure, when a case is tried before the court without a jury, the insufficiency or lack of pleadings must be raised by objection in the trial court. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562, 563; Currie v. Smith, Tex.Civ.App., 191 S.W.2d 704, 705; Litterst v. Edmonds, Tex. Civ.App., 176 S.W.2d 342, 343, writ of error refused for want of merit; Blair v. Archer County, Tex.Civ.App., 192 S.W.2d 573, 575. It follows that the judgment cannot be held void for lack of supporting pleadings.

Appellants' motion for rehearing is overruled.