**Karen Novak ZIEBARTH and husband, Elmer M. Ziebarth, Jr., Appellants,**

v.

**LEE AND BEULAH MOOR CHILDREN'S HOME, Appellee.**

**No. 5960.**

Court of Civil Appeals of Texas.

El Paso.

July 10, 1968.

Rehearing Denied Sept. 18, 1968.

Harold Duncan, Jr., El Paso, for appellants.

Orba Lee Malone, El Paso, for appellee.

OPINION

FRASER, Chief Justice.

This is an appeal from the District Court of El Paso County, Texas wherein

said court granted a summary judgment in favor of appellee and against the appellant (formerly known as Karen Novak Messer), and husband, who had sought by equitable bill of review to have the trial court set aside a prior judgment rendered in cause No. 119,046, in which judgment the two children of appellant, Karen Novak Messer, were declared to be dependent and neglected, her parental rights were terminated, and the custody of the children awarded to appellee, who was authorized to place said children for adoption.

Appellant presents two points of error, the first charging the court with error in granting appellee's motion for summary judgment, and the second point claiming that the court should have granted judgment for appellant setting aside the judgment in the former suit, No. 119,046, which found the children dependent and neglected.

It must be kept in mind that appellants are here on a bill of review. The history of the case is as follows: The original case was set for hearing July 15, 1966 and then re-set for August 9, 1966, at which time a hearing was held and evidence was heard by the court, the appellant Karen Novak Messer appearing in court with her attorney, Edward S. Marquez. At the conclusion of the evidence the court continued the case until December 20, 1966. As appears from the judgment and the record during the time intervening between August 9th and December 20th, 1966 the court permitted the withdrawal of Mr. Marquez as attorney for appellant, and Armando Peralta became her attorney. On December 16, 1966 Mr. Peralta was granted leave to withdraw as attorney for appellant on his application setting out that she would not cooperate and he could not get her to confer or give him any information or help. On December 20, 1966 the appellant failed to appear in court and, after hearing evidence, the court found the children to be dependent and neglected and terminated the parental rights of Karen Novak Messer,

awarding custody of the two children to the Lee and Beulah Moor Children's Home. All of this information can be found in the judgment and in the record. Some four months later appellant filed this bill of review alleging that she had a meritorious defense, but not defining or describing same. On October 13, 1967 the trial court heard the motion for summary judgment filed by appellee and rendered judgment for appellee.

■ Appellant contends that the judgment entered December 20, 1966 was a default judgment, but we do not find merit in this allegation as is evident by the history outlined above of the procedure of this matter through the courts. There is no evidence that appellant tried to retain another attorney, and it is obvious from the record that the court entered its judgment after hearing evidence and after said appellant had made an appearance in court.

■ The record further shows that the judgment became final because no motion or action was taken by said appellant within thirty days from the date of the judgment. Therefore, she has filed this bill of review. It is evident from the record that said appellant did not take any of the proper steps to vacate the December 20th judgment. She did not file any motion for new trial, nor did she file an appeal bond. In matters of this kind it has been held that where the proponent of the bill of review did not exhaust available legal remedies, he should not be entitled to equitable relief. Horwitz v. Finkelstein (Tex.Civ.App.), 196 S.W.2d 951, err. ref. n. r. e.; Kelly v. Wright, (Tex.Civ.App.), 184 S.W.2d 649; 144 Tex. 114, 188 S.W.2d 983.

■ Appellants further contend that the petition of appellee was insufficient in the December 20th hearing, but the record reveals that the said appellant participated in the hearing, had two different lawyers,

but never raised any objection to the alleged insufficiency of the pleadings or to a lack of same. Having failed so to do, she cannot now do so, for, as stated in the case of Dixon v. McNabb, Tex.Civ.App., 173 S.W.2d 228, ref.: "* * * A bill of review may not take the place of a motion for new trial where the matters complained of were before the court in the original suit, and the party complaining suffered the judgment to become final. * * *" And then it has long been held that Texas rules of pleading and practice need not always be strictly followed in child custody cases, as the best interests of the child are paramount. Hendrick v. Voss (Tex.Civ. App.), 334 S.W.2d 308. It is clear, therefore, that any alleged insufficiencies in pleading in case No. 119,046 were waived by failure of said appellant to object.

■ Another element necessary to be proved in equitable matters such as a bill of review is that the applicant exercise diligence to prevent the rendition of the contested judgment. In the matter before us, there is nothing to indicate any diligence whatever on the part of said appellant, Karen Novak Ziebarth, but the record, on the contrary, reveals a lack of diligence. As we have stated above, she made one appearance—and one only; had two different lawyers, but took no step whatever within the statutory limits to assail the judgment of December 20, 1966, or to perfect an appeal therefrom. There are cases holding that the petitioner for review must allege facts showing that said petitioner was not guilty of any negligence with reference to the rendition of the judgment against which the party seeks relief. Dixon v. McNabb (supra); Lamb v. Isley, Tex. Civ.App., 114 S.W.2d 673. Therefore, we must hold that the petitioner here did not show sufficient evidence of diligence but, on the contrary, presents a picture of lack of same.

■ Another element of a bill of review is the presence of a meritorious defense.

This decisive element cannot be proved by a mere statement such as we have in this case, where petitioner says "* * * that she has a meritorious defense * * *" Her pleadings in the record do not show what the defense is, or would be or could be. It has been held that such a mere statement is not sufficient. Ivy v. Carrell, 407 S.W.2d 212 (Tex.S.Ct.); Griffin v. Duty (Tex.Civ.App.), 286 S.W.2d 229, n. w. h. It has been held that where the evidence fails to show that the petitioner has a meritorious defense, the petitioner cannot recover. Shook v. Shook, Tex.Civ.App., 145 S.W.2d 699, wr. ref.; Qualls v. Siler et al., Tex.Civ.App., 183 S.W.2d 750, n. w. h.

■ Appellant further complains that the affidavits filed in support of the motion for summary judgment did not comply strictly with Vernon's Rules of Civil Procedure, Rule 166-A, because some of the affidavits were affidavits of the attorneys who had tried to represent said appellant; but we find no merit in this assertion, either, because the client made no objection, the attorneys voluntarily submitted their affidavits, and the confidential privilege was never claimed by appellant. Also, we think the record is clear that the court had enough before it without the affidavits to grant the summary judgment. Rule 166-A specifically sets out that a party may move for a summary judgment with or without supporting affidavits. In this case the supporting affidavits merely show why the attorneys could not represent petitioner. The pleadings themselves, in our opinion, were sufficient to warrant the court in granting its summary judgment without consideration of the affidavits, as has been held in Stephenson v. Camp (Tex.Civ. App.), 311 S.W.2d 512, ref. n. r. e. The court need only consider the record before it at the time it renders judgment.

■ There is no evidence in the record whatever that petitioner Karen Novak Ziebarth was prevented from presenting a

**802**

meritorious defense by any extrinsic fraud committed by the other party, accident, or mistake. Said petitioner merely states that she was unaware that cause No. 119,046 was set for final hearing. This is not a sufficient excuse under the circumstances, as she had made one appearance and had two lawyers representing her at various times. Therefore, we do not find any evidence that said appellant was prevented in any way from presenting her meritorious defense, whatever it may have been. In one of the affidavits, to-wit, that of the second attorney, Mr. Peralta, he sets out that he notified her that the case would be completed on December 20, 1966, and she knew of such completion date by the statement from the judge in open court on August 9, 1966. This again is evidence of her lack of diligence, and the absence of anything or anyone preventing her from presenting a defense. For the above reasons appellants' first point is overruled.

Appellants' second point complains that the court erred in not granting judgment in favor of appellants. We find no merit in this point, as the record before us does not show that appellants made any motion for summary judgment, or any other kind of judgment; and, as we have set forth above, the judgment in cause No. 119,046, dated December 20, 1966, was not in any sense a default judgment. It will be recalled that the matter had been, to some extent, heard and evidence taken on August 9, 1966 and the matter was continued by the judge in open court, at which time it is evident he notified the parties that he would complete the case on December 20, 1966; so this is in no way a default judgment. This being true, and appellants having made no motion for judgment, there can be no error on the part of the court in failing to grant that which they did not ask. This point is therefore overruled.

Appellants' points having been overruled, the judgment of the trial court is in all things affirmed.